# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| v. | : | Civil Action No. 7:05-cr-14 |
| | : | |
| **ALMA WILLIAMS and** | : | |
| **BUNNIS WILLIAMS,** | : | |
| | : | |
| Defendant. | : | |

_____

## ORDER

Before the Court is Defendant Bunnis Williams' Motion for Reconsideration. (Doc. # 64.) For the reasons set forth below, the Motion is denied.

**I.      FACTUAL AND PROCEDURAL HISTORY**

Defendants Alma and Bunnis Williams were each indicted on seven counts of Wire Fraud, in violation of 18 U.S.C. § 1343, and one count of Theft from Programs Receiving Federal Funds, in violation of 18 U.S.C. § 666. (Doc. # 1.) Subsequently, Bunnis Williams filed a Motion to Sever Defendants for Trial (Doc. # 37), to which the Government responded (Doc. # 41). After listening to counsels' arguments on the Motion at a May 31, 2006 pretrial conference, the Court orally denied the Motion. (Doc. # 55.) Bunnis Williams has now filed a Motion for Reconsideration of the Court's previous ruling, in which he requests the Court grant him a hearing so that he may present further evidence and testimony, or, alternatively, that the Court consider his Amended Exhibit List and the Exhibits attached

1

thereto and reverse its previous decision.

## II.  ANALYSIS

### A.  Standard for Severance

Federal Rule of Criminal Procedure 14(a) provides "[i]f the joinder of offenses or defendants in an indictment . . . appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires."  However, the general rule is that defendants jointly indicted should be so tried.  United States v. Wingate, 997 F.2d 1429, 1431 (11th Cir. 1993) (quotation and citation omitted).  For a defendant to prevail with his motion to sever, he must demonstrate he would suffer "specific and compelling prejudice" as a result of the denial of severance.  Id. (quotation and citation omitted).  In order for a court to grant a motion to sever, it must find the level of prejudice claimed by the party seeking severance amounts to "fundamental unfairness."  United States v. Knowles, 66 F.3d 1146, 1159 (11th Cir. 1995).  Examining the heavy burden borne by a defendant moving to sever his case, the Eleventh Circuit explained,

> The test for assessing compelling prejudice is whether under all the circumstances of a particular case it is within the capacity of jurors to follow a court's limiting instructions and appraise the independent evidence against a defendant solely on that defendant's own acts, statements, and conduct in relation to the allegations contained in the indictment and render a fair and impartial verdict.  If so, "though the task be difficult," there is no compelling prejudice.  Moreover, if the possible prejudice may be cured by a cautionary instruction severance is not required.

United States v. Walser, 3 F.3d 380, 386-87 (11th Cir. 1993).

The United States Court of Appeals for the Eleventh Circuit has a well-established

framework for analyzing a motion to sever based on a claimed need for a co-defendant's testimony. A defendant arguing for a severance must demonstrate: (1) a bona fide need for the testimony; (2) the substance of the desired testimony; (3) the exculpatory nature and effect of the desired testimony; and (4) that the co-defendant would have testified at a separate trial. United States v. Cobb, 185 F.3d 1193, 1197 (11th Cir. 1999) (quotation and citations omitted). If the defendant makes such a showing, the court still must (1) examine the significance of the testimony in relation to the defendant's theory of the case; (2) assess the extent of prejudice caused by the absence of the testimony; (3) consider judicial administration and economy; and (4) give weight to the timeliness of the motion. Id. Finally, the Eleventh Circuit has held courts deciding motions for severance must "balance the right of a defendant to a fair trial against the public's interest in efficient and economic administration of justice." United States v. Zielie, 734 F.2d 1447, 1464 (11th Cir. 1984).

    **B.**    **Application**

        **1.**    **Contents of Affidavit**

In the present case, Bunnis Williams argues the Court should sever his trial from that of his wife and co-defendant, Alma Williams, because the failure to do so prevents him from obtaining her exculpatory testimony. Bunnis Williams has produced a sworn affidavit from Alma Williams (Doc. #56) in support of his claim. In it, Alma Williams states she is the Executive Director of Eastside Training Academy and, as such, she "was totally in charge of all fiscal matters related to Eastside Training Academy." (Id. ¶¶ 5-6.) Alma

Williams further swears that Bunnis Williams never applied for funding through the Corporation of National Service ("CNS") for the Foster Grandparent Program or the Retired Senior Volunteer Program or any federal program. (Id. ¶ 7.) Alma Williams proceeds to assert that, in fact, she had applied for funding through CNS, submitted all procurement requests for funding through CNS, signed all grant compliance documents, completed and signed all Financial Status reports required by CNS, and completed and signed all requests, reports, progress notifications related to the grants and funding contained in the indictment. (Id. ¶¶ 8-12.) She concludes by swearing Bunnis Williams "did not cause or set in motion any document related to CNS grants that resulted in the transference of funds from CNS or the U.S. Department of Health and Human Services to the business accounts at Eastside Training Academy account number 91-9100-4903-01, at First Federal Savings and Loan Association," nor did he ever have "an access code to Eastside Training Academy's accounting program; nor did he have authority over any employee in the accounting department. [Alma Williams] had sole authority and control over all accounting records at Eastside Training Academy." (Id. ¶¶ 13-14.)

### 2.    Defendant's Prima Facie Case

Examining this proposed testimony, the Court initially notes Bunnis Williams has fulfilled two of the prerequisites for his prima facie case: the substance of the desired testimony is clear on its face, and Alma Williams has indicated that she would testify at a separate trial. However, Bunnis Williams has made a weaker showing in regard to his other

two requirements: a bona fide need for this testimony and its exculpatory nature and effect.

Turning first to Bunnis Williams' alleged showing of a bona fide need, the Court notes that there are a number of other sources by which he may introduce much of the substance of Alma Williams' testimony. By directing the Court's attention to various financial documents that Bunnis Williams asserts "illustrate that he never applied, urged his Co-Defendant to apply, or signed for any of the Government Grants in question," the Defendant weakens his own case as to the essential nature of Alma Williams' testimony. Simply put, Bunnis Williams does not need Alma Williams to testify he never signed any of the financial papers in question—instead, he may produce the papers themselves. Additionally, Bunnis Williams is free to call witnesses during his upcoming trial who may testify to their own observations about his participation, or lack thereof, in the financial affairs of Eastside Training Academy, as well as the allegedly overwhelming role Alma Williams played in those matters. While Bunnis Williams surely has a bona fide *want* for Alma Williams' testimony, the Court is unconvinced he has demonstrated a bona fide need.[1]

The Court moves next to consider the exculpatory nature and effect of the desired testimony. Numerous decisions in the Eleventh Circuit have differentiated between

---

[1] By contrast, in DiBernardo, the Eleventh Circuit found the information in question was "peculiarly within the knowledge of the three co-defendants, and, therefore, if it was to be presented at all, it would have to be provided by one of this group." United States v. DiBernardo, 880 F.2d 1216, 1228 (11th Cir. 1989). Therefore, the district court in that case did not abuse its discretion in granting a motion to sever, because without the affiant's testimony, his co-defendants would never have been able to present their theory of the case to the jury. Here, Bunnis Williams may still present his theory of defense to the jury, as the substance of Alma Williams' testimony is within the knowledge of other people and also may be reflected by the presentation of documents.

affidavits that contain "specific exonerative facts" and those that consist of bare denials that tend to exculpate the affiant. Compare United States v. DiBernardo, 880 F.2d 1216, 1228-29 (11th Cir. 1989) (upholding a district court's granting a motion to sever where the affiant made inculpatory statements indicating he was the only person involved in certain aspects of the criminal activities charged in the indictment), and Cobb, 185 F.3d at 1198-99 (reversing a defendant's conviction upon a finding the district court committed an abuse of discretion when it failed to sever a trial when the proposed affiant was "the only individual other than [the Defendant himself] in a position directly to rebut the government's evidence"), with United States v. Pepe, 747 F.2d 632, 650-52 (11th Cir. 1984) (upholding the district court's decisions to not sever the trials of three defendants where the affiants' proffered testimony "consisted almost exclusively of bare exculpatory denials, devoid of any specific exonerative facts" and "was of dubious credibility because it was in no way contrary to the [affiants'] own interests"), and United States v. Cross, 928 F.2d 1030, 1036-38 (11th Cir. 1991) ("[Affiant's] proffered testimony was entirely self-serving . . . was contradicted by . . . extensive evidence . . . . [and] lacked any substantial credibility"), and United States v. Novation, 271 F.3d 968, 990 (11th Cir. 2001) ("Almost all of the statements contained in the affidavits by [Affiants] consist of conclusory denials of the charges in the indictment."), and United States v. Baker, 432 F.3d 1189, 1235-40 (11th Cir. 2005) ("[Affiant's] statements are simply general denials of the government's allegations against [Defendant], and serve [Affiant's] interest by denying his [own] culpability.").

Alma Williams' statements here are neither inculpatory admissions nor self-serving, bare exculpatory denials, but fall somewhere in between.  While she is willing to testify she was totally in control of all fiscal matters related to Eastside Training Academy, she has not gone so far as to admit any wrongdoing.  In fact, during the May 31, 2006 pretrial conference, her counsel indicated her client was unwilling to inculpate herself in the charged offenses.[2]  Additionally, while Alma Williams' affidavit would potentially help Bunnis Williams in regards to Counts 1-7, they provide no assistance on Count 8, which encompasses more than mere financial procurement but subsequent misuse of federal funds, a matter to which her affidavit does not speak.  Similarly to the Court's analysis of Bunnis Williams' attempt to show a bona fide need, the Court believes Alma Williams' affidavit would have some limited exculpatory effect, but it falls short of the clear exculpation of the statements seen in cases like DiBernardo and Cobb.  Accordingly, the Court concludes Bunnis Williams has not met his required heavy burden

### 3.   Additional Considerations of the Court

As set forth above, when a defendant makes his initial necessary showing, a court still must (1) examine the significance of the testimony in relation to the defendant's theory of the case; (2) assess the extent of prejudice caused by the absence of the testimony; (3) consider judicial administration and economy; and (4) give weight to the timeliness of

---

[2] A wife's willingness to swear to noninculpatory statements that may bolster her husband's case offers the Court less indicia of credibility than an affiant's willingness to make statements contrary to her own penal interests.

the motion. Here, even were the Court to assume Bunnis Williams had met his initial burden, it finds he could not prevail in the next necessary step of the Court's analysis.[3] As stated previously, Alma Williams' testimony has some significance to a portion of Bunnis Williams' theory of the case, that he was uninvolved in the financial side of Eastside Training Academy, but other means exist by which he can make this case in his upcoming trial. Likewise, the Court does not believe the absence of Alma Williams' testimony amounts to a level of prejudice that would constitute "fundamental unfairness." Balancing Bunnis Williams' right to a fair trial against the public's interest in efficient and economic administration of justice, the Court finds insufficient reasons exist to sever Bunnis Williams and try him separately. The Court therefore concludes that Bunnis Williams has not met his heavy burden, and that it is within the capacity of jurors to follow the Court's limiting instructions, evaluate the evidence and charges against each Defendant individually, and render a fair and impartial verdict.[4]

## III. CONCLUSION

Bunnis Williams has not met his burden of establishing specific and compelling

---

[3] Initially, the Court notes Bunnis Williams has fulfilled at least one element of the Court's subsequent four prong examination—his Motion to Sever and Motion for Reconsideration are timely.

[4] The Court is, of course, unaware of what evidence the parties may introduce at the upcoming trial regarding Bunnis Williams' guilt or innocence on the charged offenses. However, Bunnis Williams is as free as any criminal defendant to make a motion for a directed verdict. If the Court agrees the evidence is insufficient to support a judgment against him, it is empowered to dismiss any or all charges against him at that time.

prejudice as a result of the denial of his motion for severance.[5]  Defendant's Motion for Reconsideration (Doc. # 64) is denied.

SO ORDERED, this the 9th day of June, 2006.

s/    Hugh Lawson
**HUGH LAWSON, JUDGE**

pdl

---

[5] In his initial Motion to Sever, Bunnis Williams expressed concern about the spillover effect of witness testimony and other evidence concerning the two Defendants. (Doc. # 37 ¶¶ 1-2.) Bunnis Williams has also raised the specter of his being convicted solely based on the Defendants' marriage to one another and jurors' willingness to impute the potential wrongdoing of one Defendant to both because of that bond.  The Court finds Bunnis Williams has made an insufficient showing on these points, and that limiting instructions to the jury and the jury's own powers of perception and differentiation are sufficient to safeguard Bunnis Williams from any such spillover effect.